IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| FREDERICK BELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:19-CV-227-ECM-KFP |
| | ) | (WO) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Frederick Bell filed this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence challenging his conviction for possessing a firearm as a convicted felon and his resulting sentence as an armed career criminal. Doc. 1.[1] For the reasons discussed below, the Court finds that Bell's § 2255 motion should be DENIED without an evidentiary hearing and DISMISSED with prejudice.

**I. BACKGROUND**

On August 13, 2018, Bell pled guilty under a plea agreement to possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Crim. Doc. 80. After a sentencing hearing on November 16, 2018, the district court sentenced Bell to 210 months

---

[1] References to document numbers in this § 2255 action, as assigned on the docket sheet by the Clerk of Court, are designated as "Doc." References to document numbers assigned by the Clerk in Bell's underlying criminal case (Case No. 2:18-CR-17-ECM) are designated as "Crim. Doc." All pinpoint citations are to the pages of the electronically filed documents in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

in prison under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1).[2] Crim. Doc. 81. Bell did not appeal.[3]

On March 29, 2019, Bell, acting pro se, filed this § 2255 motion claiming that the district court erred in sentencing him as an armed career criminal based on his three prior drug-distribution convictions. Doc. 1 at 13–16. Relatedly, Bell claims his trial counsel was ineffective for failing to challenge the application of the ACCA to his sentence. *Id.* at 17–18. In August 2019, Bell filed a document with this Court in which he asserted that his conviction and sentence should be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Doc. 13.

## II. DISCUSSION

### A. General Standard of Review

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments under 28 U.S.C. § 2255 are limited. A prisoner may have relief under § 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law, or (4) is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*,

---

[2] Ordinarily, a defendant convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) faces a maximum sentence of 10 years' imprisonment. 18 U.S.C. § 924(a)(2). However, if the offender's prior criminal record includes at least three convictions for "serious drug offense[s]," the ACCA mandates a minimum sentence of 15 years' imprisonment. 18 U.S.C. § 924(e)(1).

[3] The plea agreement contained a provision under which Bell waived his rights to appeal and to file a § 2255 motion except to raise claims of ineffective assistance of counsel and prosecutorial misconduct. Crim. Doc. 53 at 6.

198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).

### B.  Standard for Ineffective Assistance of Counsel

A claim of ineffective assistance of counsel is evaluated under the two-part test announced in *Strickland v. Washington*, 466 U.S. 668 (1984). An attorney is considered constitutionally ineffective if (1) his "performance was deficient" and (2) that "deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. *See Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).

Scrutiny of counsel's performance is highly deferential, and the Court indulges a strong presumption that counsel's performance was reasonable. *Chandler*, 218 F.3d at 1314. The Court will "avoid second-guessing counsel's performance: It does not follow that any counsel who takes an approach [the Court] would not have chosen is guilty of rendering ineffective assistance." *Id*. (internal quotation marks and brackets omitted).

Under the prejudice component of *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The prejudice prong does not focus only on the outcome; rather, to establish prejudice, the petitioner must show that counsel's deficient representation rendered the results of the

3

proceeding fundamentally unfair or unreliable. *See Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) ("[A]n analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective.").

Unless a petitioner satisfies both prongs of the *Strickland* test, relief should be denied. *Strickland*, 466 U.S. at 687. Once a court decides that one of the requisite showings has not been made, it need not decide whether the other one has been. *Id*. at 697; *see Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998).

**C.     Bell's Claims for Relief**

      **1.     The Counting of Bell's Three Prior Drug-Distribution Convictions as Separate Convictions**

Bell claims the district court erred in sentencing him as an armed career criminal. Doc. 1 at 13-14. Specifically, Bell argues that the three prior drug-distribution convictions on which the district court relied to sentence him as an armed career criminal arose from a single arrest and were consolidated for a single guilty plea proceeding and sentencing, and thus they should have been counted as only a single conviction. *Id*. at 11, 13–14. This argument fails.[4]

---

[4] The Government argues Bell's claim is barred by the waiver provision in his plea agreement, under which Bell waived his rights to appeal and to file a § 2255 motion except to raise claims of ineffective assistance of counsel or prosecutorial misconduct, and that Bell's claim is also procedurally defaulted because he failed to raise it on direct appeal. Doc. 8 at 4–7. While the Government's arguments are well taken, the Court nevertheless assesses the merits of Bell's substantive claim, because the merits of his substantive claim are essential to assessing his claim of ineffective assistance of counsel. As will be discussed below, because Bell's substantive claim lacks merit, his claim of ineffective assistance of counsel is also nonmeritorious.

When a felon with three or more prior convictions for a "serious drug offense" committed on "occasions different from one another" is convicted of possessing a firearm in violation of 18 U.S.C. § 922(g), the ACCA provides a mandatory minimum sentence of 15 years' imprisonment. *See* 18 U.S.C. § 924(e). The district court sentenced Bell under the ACCA based on his three 2017 Alabama convictions for distribution of marijuana. Crim. Doc. 81 at 3; Crim Doc. 71 at 5–6. Bell argues that, because those three convictions arose from a single arrest and were consolidated for a single guilty plea proceeding and sentencing, they should have been counted as only a single prior conviction, which rendered him ineligible for sentencing under the ACCA. Doc. 1 at 11, 13-14.

The Eleventh Circuit has stated that "so long as [the] predicate crimes are successive rather than simultaneous, they constitute separate criminal episodes for purposes of the ACCA." *United States v. Pope*, 132 F.3d 684, 692 (11th Cir. 1998). This is so even if the convictions were adjudicated in the same criminal proceeding, *United States v. Owens*, 15 F.3d 995, 998 (11th Cir. 1994), or arose from the same indictment, *United States v. Jackson*, 57 F.3d 1012, 1017–18 (11th Cir. 1995). "Distinctions in time and place are usually sufficient to separate criminal episodes from one another even when the gaps are small," and two offenses are considered distinct if "some temporal 'break' occurs between [them]." *Pope*, 132 F.3d at 690. *See id.* at 692 (two burglaries committed on the same evening in separate buildings 200 yards apart were sufficiently distinct incidents for purposes of the ACCA); *United States v. Spears*, 443 F.3d 1358, 1360 (11th Cir. 2006) (two robberies committed within two minutes and thirty feet of each other were sufficiently distinct incidents under the ACCA).

5

Here, in sentencing Bell as an armed career criminal, the district court relied on Bell's three 2017 Alabama convictions for distribution of marijuana. While those convictions may have been obtained in a single guilty plea proceeding in the Circuit Court of Montgomery County, it is undisputed that each count of conviction was based on separate conduct by Bell—the sale of marijuana—occurring on different days, i.e., March 2, 3, and 4, 2015. Crim. Doc. 71 at 8. Bell acknowledged in his plea agreement that he had been convicted "of three or more serious drug offenses" that qualified him for ACCA status, Crim. Doc. 53 at 5, and the presentence investigation report set forth facts showing those convictions were based on three drug sales that took place on three consecutive but separate days, Crim. Doc. 71 at 8. The separate sales constituted separate criminal episodes for purposes of the ACCA. Thus, Bell fails to show that the district court erred in sentencing him as an armed career criminal, and he is entitled to no relief on this claim.

    **2.**    **"Serious Drug Offenses"**

Bell also argues that his Alabama convictions for distribution of marijuana did not constitute "serious drug offenses" for purposes of the ACCA because the sentence imposed for each conviction was 48 months' imprisonment, suspended, with two years' probation for each count. Doc. 1 at 15–16. However, the length of the sentence imposed is not part of the definition of a "serious drug offense" under the ACCA. Rather, the relevant factor is the "maximum term of imprisonment" prescribed by statute for the offense, which must be "ten years or more." 18 U.S.C. § 924(e)(2)(A)(i), (ii).

    Under Alabama law, "[a] person commits the crime of unlawful distribution of controlled substances if, except as otherwise authorized, he or she sells, furnishes, gives

away, delivers, or distributes a controlled substance enumerated in Schedules I through V." ALA. CODE § 13A-12-211(a). "Unlawful distribution of controlled substances is a Class B felony." ALA. CODE § 13A-12-211(b). The term of imprisonment for a Class B felony in Alabama is "not more than 20 years or less than 2 years." ALA. CODE § 13A-5-6(a)(2). Consequently, all three of Bell's 2017 Alabama convictions for distribution of marijuana qualified as "serious drug offenses" under the ACCA. Indeed, the Eleventh Circuit has held that an Alabama conviction for unlawful distribution of a controlled substance categorically qualifies as a "serious drug offense" for purposes of the ACCA. *Hollis v. United States*, 958 F.3d 1120, 1123 (11th Cir. 2020). Accordingly, Bell is entitled to no relief on this claim.

### 3. Counsel's Failure to Challenge ACCA Sentence

Bell further claims his trial counsel was ineffective for failing to challenge his ACCA-enhanced sentence. Doc. 1 at 17–18. Specifically, Bell contends that his counsel should have argued that his three 2017 drug-distribution convictions counted as only a single conviction.[5] *Id*. However, that argument would have failed had counsel pursued it. As discussed above, Bell's separate sales of marijuana on three different days constituted

---

[5] In an affidavit addressing Bell's allegation of ineffective assistance of counsel, Bell's trial counsel states in part:

> I pulled the State of Alabama docket sheet, the indictment against Mr. Bell, the guilty plea form, and the transcript of the plea colloquy from Mr. Bell's state court convictions that were the predicate for the ACCA enhancement. I informed Mr. Bell that although he was sentenced for all three separate offenses at the same time, the plea colloquy made it clear the events that gave rise to the three separate charges occurred on three different, but consecutive days. Since he entered a plea to the three separate offenses, which occurred on different days, he would qualify for an ACCA enhancement.

Doc. 3 at 2.

7

three separate criminal episodes for purposes of the ACCA. Thus, any argument by trial counsel that Bell's three convictions based on the separate criminal episodes counted as only a single conviction would have lacked merit. Counsel cannot be ineffective for failing to argue a meritless claim. *Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992). Thus, Bell is entitled to no relief on his claim of ineffective assistance of counsel.

### 4. Bell's *Rehaif* Claim

Finally, in a document filed on August 19, 2019, styled as a "Supplemental Brief for Petitioner Pursuant to 28 U.S.C. § 2255, Rule 24 & Rule 18," Bell asserts that his conviction and sentence should be vacated in light of the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Doc. 13. Although Bell does not designate the document in which he raises his *Rehaif* claim as an amendment to his § 2255 motion, the Court will treat the document as an amendment.

In *Rehaif,* which was decided on June 21, 2019, the Supreme Court interpreted the statutory language of 18 U.S.C. § 922(g) as requiring a defendant to know both that he possessed a firearm and that he belonged to the relevant category of persons barred from possessing a firearm. 139 S. Ct. at 2200. The Eleventh Circuit has since held that *Rehaif* "did not announce a 'new rule of constitutional law,' but, instead, clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) . . . the government must prove that the defendant knew he violated each of the material elements of § 922(g)." *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019) (emphasis omitted). According to Bell, the Government failed to prove that he knew he possessed a firearm and that he knew he was prohibited

8

from possessing a firearm. Doc. 13 at 9–11. However, Bell's claim is barred by the waiver provision in his plea agreement.

The written plea agreement contained a waiver provision with the following language:

> DEFENDANT'S WAIVER OF APPEAL AND COLLATERAL ATTACK
>
> Understanding that 18 U.S.C. § 3742 provides for appeal by a defendant of the sentence under certain circumstances, the defendant expressly waives any and all rights conferred by 18 U.S.C. § 3742 to appeal the conviction or sentence. The defendant further expressly waives the right to attack the conviction or sentence in any post-conviction proceeding, including proceedings pursuant to 28 U.S.C. § 2255. Exempt from this waiver is the right to appeal or collaterally attack the conviction or sentence on the grounds of ineffective assistance of counsel or prosecutorial misconduct.

Crim Doc. 53 at 6.

An appeal waiver or collateral-attack waiver is valid if a defendant enters it knowingly and voluntarily. *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005); *United States v. Bushert*, 997 F.2d 1343, 1350–55 (11th Cir. 1993). *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006) (collecting cases). To enforce such a waiver, the Government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351.

Bell's written plea agreement included a collateral-attack waiver, except for claims of ineffective assistance of counsel and prosecutorial misconduct. Crim Doc. 53 at 6. The transcript of Bell's guilty plea hearing reflects that the magistrate judge specifically

9

questioned Bell about the waiver provision and confirmed that Bell understood its terms. Crim. Doc. 80 at 8. Thus, the record shows—and Bell does not disprove—that the collateral-attack waiver in the plea agreement was knowing and voluntary. *See Bushert*, 997 F.2d at 1351. Consequently, Bell's claim that his conviction and sentence should be vacated in light of *Rehaif* is barred by the waiver provision in his plea agreement.

Additionally, Bell's *Rehaif* claim is procedurally defaulted because he failed to raise the claim on direct appeal. Where a substantive claim is not advanced on direct appeal, it is procedurally barred in a § 2255 proceeding. *See McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011). A defendant can overcome this procedural bar by establishing either (1) cause for the default and actual prejudice from the alleged error; or (2) actual innocence of the crimes for which he was convicted. *Howard v. United States*, 374 F.3d 1068, 1072 (11th Cir. 2004).

"The novelty of a claim may constitute cause for excusing the procedural default, but only when the claim is truly novel, meaning that its legal basis [was] not reasonably available to counsel." *United States v. Bane*, 948 F.3d 1290, 1296–97 (2020) (quotation marks omitted, alteration in original). Unlike claims based on new rules of constitutional law, claims based on purely statutory interpretations are not novel, as "[a]n argument for an interpretation of a statute that is consistent with its ordinary meaning and structure is not something that counsel would not be aware of or that courts would reject out of hand." *Id*. at 1297 (quotation marks and alteration omitted). The Eleventh Circuit recently determined that "*Rehaif* was not 'truly novel' in the sense necessary to excuse procedural default." *United States v. Innocent*, 977 F.3d 1077, 1084 (11th Cir. 2020), cert. denied, 141

10

S. Ct. 2827 (2021), and cert. denied sub nom. *Jones v. United States*, 141 S. Ct. 2827 (2021). Because Bell's *Rehaif* claim is not truly novel, "novelty" does not provide cause to excuse his procedural default. *See Davis v. United States*, No. 4:20-CV-72-CDL-MSH, 2021 WL 4768638, at *5 (M.D. Ga. July 12, 2021) (discussing numerous cases in this circuit holding that a *Rehaif* claim is not "truly novel" to provide cause to excuse procedural default).

"Ineffective assistance of counsel may satisfy the cause exception to a procedural bar" if the ineffective assistance of counsel claim has merit. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000). However, Bell's counsel's failure to raise a *Rehaif* claim previously does not constitute cause because counsel cannot be ineffective for failing to raise a claim based on predictions of how the law may develop. *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994). *See Dawkins v. United States*, No. 7:19-cv-8047-LSC, 2020 WL 3576841, at *2 (N.D. Ala. July 1, 2020), certificate of appealability denied, No. 20-12840-D, 2020 WL 8270518 (11th Cir. Dec. 1, 2020) (finding counsel's failure to raise *Rehaif* claim before *Rehaif* was decided was not ineffective assistance providing cause to excuse petitioner's procedural default of claim).

As to the actual-innocence exception, a movant must establish that, in light of new reliable evidence not presented at trial, "it is more likely than not that no reasonable juror would have convicted him." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Any claim of factual innocence cannot excuse Bell's procedural default, as he merely challenges the legal sufficiency of his conviction and provides no credible evidence of his actual innocence.

11

Thus, for the reasons discussed above, Bell's *Rehaif* claim is barred by the waiver provision in his plea agreement and is also procedurally defaulted and subject to no further review.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Bell's 28 U.S.C. § 2255 motion be DENIED and that this case be DISMISSED with prejudice.

It is further ORDERED that, by **March 14, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of February, 2022.

/s/  Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE